UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAXUM PETROLEUM, INC.,<br>    Plaintiff,<br><br>         v.<br><br>STEPHEN HIATT and<br>CHEMOIL CORPORATION, INC.,<br>    Defendants. | :<br>:<br>:<br>: Civil Action No.<br>: 3:16-cv-01615 (VLB)<br>:<br>:<br>:<br>: September 28, 2016<br>:<br>: |

MEMORANDUM OF DECISION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY [DKT. NO. 3]

I. Introduction

Plaintiff Maxum Petroleum, Inc. ("Maxum") filed a Motion for Emergency Relief pursuant to Federal Rule of Procedure 65 and Local Rule 7(a)(3), seeking an order to restrain or enjoin Defendants Stephen Hiatt and/or Chemoil Corporation, Inc. ("Chemoil") from, inter alia, benefitting from the confidential business information and trade secrets to which Chemoil allegedly gained access by hiring several former Maxum employees. In addition to its motion, Maxum filed an unverified complaint signed by its attorney David T. Grudberg and Mr. Hiatt's Employment Agreement. For the reasons set forth below, the Court DENIES Plaintiff's motion to the extent it seeks a temporary restraining order. The Court further GRANTS Plaintiff's motion to the extent it seeks expedited discovery, and states that it will hold an early trial on the merits in lieu of a preliminary injunction hearing.

1

II. <u>Standard of Review</u>

A temporary restraining order is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Reidy*, 477 F. Supp. 2d 472, 474 (D. Conn. 2007) (quoting *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005)). "The purpose of a temporary restraining order is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits of the demand for a preliminary injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009). The factors considered in assessing whether to grant a request for a temporary restraining order are similar to those used to determine the merits of a motion for a preliminary injunction. *See Control Sys., Inc. v. Realized Sols., Inc.*, No. 3:11CV1423 PCD, 2011 WL 4433750, at *2 (D. Conn. Sept. 22, 2011) (citing *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)). To obtain a temporary restraining order, therefore, the Plaintiff must show "irreparable harm, and either (1) a likelihood of success on the merits of the case or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in favor of the moving party." *See Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 779–80 (2d Cir. 1994).

III. <u>Analysis</u>

To satisfy the irreparable harm requirement, Plaintiff must demonstrate that absent a temporary restraining order, it will "suffer an injury that is neither

remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *See Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Id.* at 118-19.

Plaintiffs claim that irreparable harm should be presumed in this case because they have alleged a breach of a restrictive covenant in Mr. Hiatt's employment agreement, and because this agreement contained a provision stating that "the Company shall be entitled to injunctive relief" "in the event of a breach of this Agreement." [*See* Dkt. No. 5, at 22-23; Dkt. No. 6, Exh. 1 ¶7.] However, the viability of this argument requires the Plaintiff to make a clear showing that its underlying claim—that Mr. Hiatt breached his employment agreement—will likely succeed. Moreover, the Second Circuit has held:

> "A rebuttable presumption of irreparable harm might be warranted in cases where there is a danger that, unless enjoined, a misappropriator of trade secrets will disseminate those secrets to a wider audience or otherwise irreparably impair the value of those secrets. Where a misappropriator seeks only to use those secrets—without further dissemination or irreparable impairment of value—in pursuit of profit, no such presumption is warranted because an award of damages will often provide a complete remedy for such an injury. Indeed, once a trade secret is misappropriated, the misappropriator will often have the same incentive as the originator to maintain the confidentiality of the secret in order to profit from the proprietary knowledge . . . . [W]here there is no danger that a misappropriator will disseminate proprietary information, the only possible injury that the plaintiff may suffer is loss of sales to a competing product[,] which should be fully compensable by money damages. *Faiveley*, 559 F.3d at 118-19 (quotations and citations omitted).

Plaintiff at this stage has failed to demonstrate that an award of monetary damages for lost sales cannot adequately remedy the harm it has alleged.

3

Further, Plaintiff's likelihood of success at this juncture is uncertain. While Plaintiff has alleged facts that give rise to an inference that Mr. Hiatt's current employer has solicited Maxum's customers and lured away its employees, it has presented the Court with no direct evidence of Mr. Hiatt's involvement. Maxum has thus failed to make the requisite clear showing for the extraordinary remedy it seeks.

Additionally, the language of Mr. Hiatt's employment agreement suggests that Mr. Hiatt is subject to its non-compete provisions solely "as a condition to receipt of or continuation of separation payments." [*See* Dkt. No. 6, Exh. 1 ¶5(c).] Because Plaintiff has not presented the Court with evidence that Mr. Hiatt received such separation payments, it cannot demonstrate with a likelihood of success that Mr. Hiatt breached the employment agreement by working for Chemoil before the expiration of the agreement's "Restrictive Period."

While the Court finds that a temporary restraining order is not warranted at this time, it agrees with Plaintiff that this matter should be resolved expeditiously, to limit any potential damages resulting from the disclosure of confidential business information and trade secrets by Mr. Hiatt or other former Maxum employees. Consequently, this Court holds not only that expedited discovery is appropriate, but that this case warrants an early trial on the merits. District Courts may advance a trial on the merits in order to consolidate it with a hearing on a motion for preliminary injunction. *See Able v. United States*, 44 F.3d 128, 132-33 (2d Cir 1995), *vacated on other grounds*, 88 F.3d 1280 (2d Cir. 1996). Consolidation is discretionary, and the Court may order advancement and

consolidation sua sponte.  *See D.L. Cromwell Invs. Inc. v. NASD Regulation, Inc.*, 279 F.3d 155, 160 (2d Cir. 2002) (finding no abuse of discretion where district court consolidated preliminary injunction hearing with trial on the merits and denied request for additional time to conduct discovery in light of contention that need for injunctive relief was urgent).

IV.   <u>Conclusion</u>

For the foregoing reasons, the Court DENIES Plaintiff's motion to the extent it seeks a temporary restraining order and GRANTS Plaintiff's motion to the extent it seeks expedited discovery.  To facilitate both expedited discovery and an early trial on the merits, the parties are hereby ORDERED to confer and:

(1) file their 26(f) Report as soon as practicable; and

(2) provide the Court with the earliest possible date the parties will be available for trial as well as the anticipated length of the trial.

IT IS SO ORDERED.

                                                _____/s/_____
                                                Hon. Vanessa L. Bryant
                                                United States District Judge

Dated at Hartford, Connecticut:  September 28, 2016